GINNOCHIO-JONES FRUIT CO., Respondent, v.
MISSOURI, KANSAS & TEXAS RAILWAY CO.,
Appellant.

Kansas City Court of Appeals, February 13, 1911.

CARRIERS: Perishable Freight: Sale: Conversion. Wholesale
dealers at Kansas City, Missouri, sold twelve boxes of apples
to a retail dealer in Muskogee, Oklahoma, for $38.40 and
shipped them with a railway company, taking bills of lading in
duplicate; one of these was sent to a bank in Muskogee with
draft attached on the buyer for the purchase price, and both
had noted thereon, in writing, to notify the purchaser at
Muskogee. Notice was given and the purchaser refused the
freight. The carrier then notified him if he did not take it
away, it would sell. It was not taken and the carrier then sold
for the best price obtainable. *Held,* that since by the law of
Oklahoma a carrier of perishable freight, after giving notice
of its arrival, may in the exercise of reasonable discretion, sell it
without advertising, the carrier was not guilty of conversion.

Appeal from Jackson Circuit Court.—*Hon. Herman
Brumback,* Judge.

REVERSED AND REMANDED (*with directions*).

*Lee W. Hagerman* and *Ellison A. Neel* for appellant.

*Stewart Taylor* for respondent.

ELLISON, J.—This action was begun before a justice of the peace and is for the alleged conversion of a
lot of apples, valued at $38.40, shipped over defendant's
road from Kansas City, Mo., to Muskogee, Oklahoma.
The judgment in the trial court was for the plaintiff
for that amount.

The ground of conversion stated in plaintiff's complaint is:

"That said defendant, after receiving said shipment, carried the same on its line of railroad to Muskogee, Oklahoma, and there, without the consent of the plaintiff as the shipper of said shipment, and without the production of the bill of lading, and without any order from the plaintiff, wrongfully converted the said shipment to its own use and disposed of and transferred the same to others, and the said shipment has been, by reason of such wrongful appropriation, wholly lost to the plaintiff."

It appeared in evidence that plaintiff is engaged in the wholesale fruit business in Kansas City, Missouri, and that one Christ Kooris is engaged in the sale of fruits by retail in Muskogee, Oklahoma, and that defendant's road runs between the two points. That Kooris ordered twelve boxes of apples from plaintiff, and the latter, after some delay, shipped them to him on the 23d of December, 1907, by delivery to defendant and taking a bill of lading, consigning the fruit to themselves, but containing the memorandum written therein: "Notify Christ Kooris." The fruit arrived in Muskogee on the afternoon of December 25th. A bill of lading with a draft on Kooris attached for the price, was sent by plaintiff to a bank in Muskogee. The next morning after arrival, defendant's agent notified Kooris, but he refused to take them. Again defendant notified him and again he refused to take them. Then on December 28th, the agent gave him this written notice: "You are hereby notified again that if the apples shipped to your order from Kansas City on December 23, 1907, are not removed by 12 noon today, same will be sold a-c perishable freight and to protect the interest of all concerned."

Kooris testified that he ordered the apples for the brisk trade which obtains just prior to Christmas, and as they arrived too late, he did not want them and would not take them.

The fruit not being taken, defendant's agent sold it late that afternoon for $10.75. It had begun to rot and that was the best price obtainable. The agent testified that he had a great deal of trouble in disposing of them; that on account of being after the holiday season, buyers were very scarce and that he "made every possible effort to get their full value."

The statute of Oklahoma was introduced in evidence permitting the sale of perishable freight by the carrier when not taken by the consignee after notice of arrival. It reads as follows:

"Perishable property which has been transported to destination and the owner or consignee notified of its arrival, or being notified, refuses and neglects to receive the same, and pay the legal charges thereon, or if upon diligent inquiry the consignee cannot be found, such carrier may, in the exercise of reasonable discretion, sell the same at public or private sale without advertising, and the proceeds, after deducting the freight charges and expenses of sale, shall be paid to the owner or consignee upon demand."

It further appeared that plaintiff did not ship until the 23d of December. It further appears that the bank to which plaintiff sent the bill of lading with the draft on Kooris, was careless in acting for plaintiff. It was shown by the bank officers that they received the draft on December 26th, which signifies that either plaintiff delayed mailing it or it was delayed in the mail somewhere. It appeared in evidence given for plaintiff that the bank in Muskogee neglected to notify it of Kooris' refusal of the draft for nearly two weeks.

Taking the entire evidence it affords no support for the verdict and judgment. There were delays and refusal to take the freight, all acts of plaintiff and its agents, and for which defendant is in no way responsible. It was plaintiff's duty to have some one at Muskogee to receive the apples when they arrived. [Freeman & Hinson v. Ry. Co., 118 Mo. App. 526.] Plaintiff

had the right to designate to whom the freight should be delivered and defendant was bound to observe the direction. [Marshall v. Ry. Co., 176 Mo. 480, 491.] It did designate Kooris, by requiring that defendant notify him, and this it did repeatedly.

The case seems to us to be an effort to saddle the carelessness or refusal of plaintiff's own agents onto the unoffending defendant. The only question in the case is as to whether any liability was incurred by defendant in disposing of the apples, and that must be answered in the negative. The law of Oklahoma, already quoted, permits a carrier, after notice of the arrival of perishable freight, "in the exercise of a reasonable discretion" to sell it at public or private sale without advertising. The evidence is undisputed that every effort was made to sell it to advantage, and that $10.75 was the best price obtainable, it being just after Christmas, when, as was shown, such articles were dull sale. There is no just ground to say that defendant did not comply with the law and act with reasonable discretion in making the sale. The freight charges were $4.03 and the sale money was $10.75, which leaves due plaintiff the sum of $6.72. The judgment is reversed and the cause remanded with directions to enter judgment for that sum. All concur.